Per Curiam.
Before the jury were charged, the counsel for the defendant handed up eighteen requests to charge. The charge was correct in respect of the subject matters of the several requests. It is, however, claimed that the judge should have been more specific as to the law concerning exemplary damages, and should have charged, as requested, that if the defendant had done no intentional wrong or had done only what he believed to be his duty,—that if he believed in good faith that he was carrying out the instructions of his superior officers,—no *109 exemplary damages could be recovered. The judge charged that exemplary damages might be recovered if the action of the defendant proceeded from malice or from a personal motive and not from a fair and honest desire to use the law properly. He submitted to the jury whether there was any evidence of malicious intent, of intent to injure the plaintiff, or any other intent than to serve the interests of the company by which the parties were employed.
At the end of the charge the court said, I decline to charge the requests otherwise than as I have charged. The defendants excepted to the refusal to charge as requested, and severally to each refusal to charge, and to the charge. This was a single exception in the' general terms that have been given, and without particularity. This presents no question for review. The law is stated in Smedis v. B. & Rockaway B. Co. (88 N. Y. 14). In that case, there were fifteen requests to charge. At the end of the charge, the court declined to charge except as already charged, having charged substantially as requested in most instances. There was then a general exception like the one in this appeal. The court said : “ It is well settled that when several requests to charge are submitted to the court, some of which are charged as requested, some charged in a modified form, and others not charged, an exception in the form in which it appears in this case cannot be sustained. The exception must be more specific and point out the particular request to which it is intended to apply.”
The court correctly held, under objection and exception, that the defendant was responsible for unlawfully arresting the plaintiff, or in directing a police officer to arrest him, under circumstances that did not justify the arrest. The answer of the defendant contained an admission, in substance, that the defendant requested the policeman to make the arrest. This was evidence, and was to be considered with the testimony of the police officer, who, called by defendant as a witness, showed *110 that the arrest was actully made at the instigation and request of the defendant. No fact in testimony contradicted this. The general term has already held, in a former appeal in this case, that there was no justification for the arrest.*
The plaintiff, as a witness, was asked, after objection, “Have you a family?” This was. not immaterial; it affected the kind and degree of mortification and inconvenience caused by the arrest.
A witness was asked, “When and how, did you first hear of the arrest.” The question was objected to, as calling for an immaterial and irrelevant answer. The answer was, “ Through the New York papers of July 20, or 21.” Nothing more was said as to the contents of the publication, and no claim for damages on account of the publication was made by the plaintiff, or alluded to in the charge. The defendant could not have been injured by the answer.
The jury assessed the damages at $2,750. On a former trial the verdict was for $3,000, and the court set aside the verdict for the excessiveness of the damages. As a second jury has deliberated upon the damages, compensatory and exemplary, it would not be proper to set the verdict aside, for the amount of the damages in a case which concerns the protection which the law gives to the personal rights of citizens.
Judgment and order appealed from affirmed, with costs.

 The opinion referred to was delivered January 5, 1885 (See mem. 51 Super. Ct. 537), and the court held that, “The act of Alger in causing the arrest of the plaintiff was not justified by the evidence. The plaintiff at the time was secretary of the company. He had been asked to resign, but he had not been removed. He still had a legal right to be where he was, at the post of duty. The question of the amount of damages to which the plaintiff was entitled was for the jury, and not for the court. We cannot say that nominal damages was the measure, of defendant’s liability. The result reached is, that as to the defendant Palmer, the judgment and order is affirmed, with costs ; but that, as to the defendant Alger, it is reversed, and a new trial ordered, with costs, to abide the event.”